IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PBI PERFORMANCE PRODUCTS, INC. :          CIVIL ACTION
                                :
             v.                 :
                                :
NORFAB CORPORATION              :          NO. 05-4836

MEMORANDUM

Bartle, C.J.                                    October 17, 2007

            Plaintiff PBI Performance Products, Inc. ("PBI") sued
defendant NorFab Corporation ("NorFab") for patent infringement,
unfair competition, and trademark and trade dress dilution.  On
August 2, 2007, this court entered summary judgment in favor of
NorFab with respect to PBI's unfair competition and trademark and
trade dress dilution counts.  On August 29, 2007, we granted
NorFab's motion for summary judgment on PBI's patent infringement
count.  We held that U.S. Patent No. 6,624,096 (the "'096
patent"), entitled "Textile Fabric for the Outer Shell of a
Firefighter's Garment," was invalid under 35 U.S.C. § 103(a) as
obvious in light of the prior art.  Now before the court is PBI's
motion for reconsideration of the August 29, 2007 Order.

            Our Court of Appeals has explained that the purpose of
a motion for reconsideration under Rule 59(e) is "to correct
manifest errors of law or fact or to present newly discovered
evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.
1985).  A court may grant a motion for reconsideration or alter
or amend a judgment if the party seeking reconsideration "shows

at least one of the following grounds:  (1) an intervening change
in the controlling law; (2) the availability of new evidence that
was not available when the court granted the motion for summary
judgment; or (3) the need to correct a clear error of law or fact
or to prevent manifest injustice."  Max's Seafood Café v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Because of the courts' interest in the finality of
judgments, "[m]otions for ... reconsideration should be granted
sparingly and may not be used to rehash arguments which have
already been briefed by the parties and considered and decided by
the Court."  Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526,
527 (D. Del. 2005).  A motion for reconsideration may not be used
to give a litigant a "second bite at the apple."  See Bhatnagar
v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  A
litigant that fails in its first attempt to persuade a court to
adopt its position may not use a motion for reconsideration
either to attempt a new approach or correct mistakes it made in
its previous one.  A motion for reconsideration "should not be
used as a means to argue new facts or issues that inexcusably
were not presented to the court in the matter previously
decided."  Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240
(D. Del. 1990) (quoted in Bhatnagar, 52 F.3d at 1231).
Therefore, it is "improper ... to ask the Court to rethink what
[it] had already thought through--rightly or wrongly."  Glendon
Energy Co. v. Bor. of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa.
1993).

PBI's motion for reconsideration does not meet the standard required by our Court of Appeals.  There has been no intervening change of controlling law and no new evidence since August 29.  And much of PBI's argument for reconsideration is merely repetitious of arguments it has previously briefed for the court.  The court will, however, take this opportunity to put a few issues to rest.

PBI first argues that this court erred in not "addressing the evidence raised by PBI in the Declaration of Clifton A. Perry," one of the named inventors of the '096 patent and a PBI employee ("Perry Declaration").  Pl.'s Mot. for Recons. at 2.  PBI maintains that the Perry Declaration was evidence that a person having ordinary skill in the art would not have considered the Shaffer patents when designing outer shell fabrics for firefighter's turnout gear.  Contrary to PBI's characterization, the Perry Declaration does not have any evidentiary value and cannot create a dispute of material fact on the question of whether a person having ordinary skill in the art would have considered the Shaffer patents.  Perry states that "I do not believe that the designer of outer shell fabrics for firemen's turnout gear would have considered U.S. Patent No. 5482763 (Shaffer)."  The declaration is predicated on his belief, not on his personal knowledge, as required under Rule 56(e) of the Federal Rules of Civil Procedure.  It was clearly not

-3-

manifest error for the court to decline to give any weight to the
Perry Declaration.[1]

PBI next argues that the court impermissibly made
factual inferences against PBI in its August 29, 2007 Memorandum.
When deciding a motion for summary judgment, a court must make
all reasonable inferences from the evidence in the light most
favorable to the non-movant, here, PBI.  In re Flat Glass
Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).  PBI contends
that:

> The Court improperly inferred the following
> against PBI:  a) the '096 Patent claims
> reference any "textile fabric", b) the
> Shaffer Patents are within the same field of
> endeavor as the '096 patent; c) it is
> undisputed that one of ordinary skill in the
> art would apply the technology of the Shaffer
> Patents to the prior art admitted in the '096
> patent;[2] d) the improvements resulting from
> the combination of the Shaffer Patents with
> the admitted prior art of the '096 Patent
> were predictable; and e) the problems solved

---

1.  The court also notes that on June 26, 2007 NorFab filed a
motion to strike the Perry Declaration on the grounds that it was
not made from personal knowledge under Rule 56(e) of the Federal
Rules of Civil Procedure and was incompetent under the Federal
Rules of Evidence because it does not apply the claim language.
In the alternative, NorFab asked for an extension of time for
discovery as to Perry pursuant to Rule 56(f) of the Federal Rules
of Civil Procedure.  Because the August 29, 2007 decision
granting summary judgment to NorFab made NorFab's motion moot,
the court did not address that motion on its merits.

2.  PBI mis-characterizes this portion of the court's opinion.
The court did not state that "one having ordinary skill in the
art *would apply* the technology of the Shaffer Patents ...."
Rather, the court stated that "[I]t is undisputed *that it would
be within the skill* of such a person to apply the technology of
the Shaffer patents ...."  2007 WL 2464507 at *7 (E.D. Pa.
Aug. 29, 2007).

-4-

by the '096 Patent were the same problems
describe in the Shaffer Patents.

Pl.'s Mot. for Recons. at 14.  PBI is incorrect that these were
factual inferences made by the court against it.  To the
contrary, they are conclusions of law, based on the undisputed
evidence.  As the court explained in its Memorandum, the
determination of whether a patent claim would have been obvious
in light of prior art is a legal conclusion, though it is based
on factual inquiries.  Ruiz v. A.B. Chance Co., 234 F.3d 654
(Fed. Cir. 2000).  Having found the facts to be undisputed, it
was entirely proper for the court to make the referenced legal
conclusions.

Finally, PBI contends that a decision of the Board of
Patent Appeals and Interferences ("Board") with regard to a
continuation-in-part application is new evidence that should be
considered by the court.  The decision was rendered on August 21,
2007, and PBI submitted it to this court on the morning of
August 30, 2007, a day after this court granted NorFab's motion
for summary judgment.

The Federal Circuit has held, and PBI acknowledges,
that "The Examiner's decision, on an original or reissue
application, is never binding on a court."  Fromson v. Advance
Offset Plate, Inc., 755 F.2d 1549, 1555 (Fed. Cir. 1985).
Nonetheless, courts are advised to give credence to a Board
determination when the prior art before the court and the Board
are "much the same."  In re Laughlin Prods., Inc., Patent Litig.,

-5-

265 F. Supp. 2d 525, 529 (E.D. Pa. 2003).  Here the '096 patent
was not the subject of the Board's decision.  Additionally, in
its obviousness determination, the Board's decision only refers
to U.S. Patent No. 5,928,971 (the "Ellis patent") and does not
reference any of the other prior art considered by this court in
its August 29, 2007 Memorandum.  Thus, the Board decision
submitted by PBI is of no evidentiary or precedential value under
the present circumstances.

        Because we find that the high hurdle for
reconsideration under Rule 59(e) of the Federal Rules of Civil
Procedure has not been met, PBI's motion for reconsideration of
this court's Order of August 29, 2007 will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PBI PERFORMANCE PRODUCTS, INC. :          CIVIL ACTION
                                :
              v.                :
                                :
NORFAB CORPORATION              :          NO. 05-4836


ORDER

          AND NOW, this 17th day of October, 2007, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that the motion of plaintiff PBI Performance Products,
Inc. for reconsideration of this court's August 29, 2007 Order is
DENIED.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                      C.J.